Hey, our second case today is Hayes v. Director, and as I understand it, Ms. Smith is participating by Zoom and is on screen for the intervener. Mr. Jacobs, you're going to begin. Yes, John. Please report. Well, you can begin that at the lectern. Oh, sorry. So we can hear it, and it will be on the recording. Very well, Your Honor. Thank you. May it please the Court, Your Honor. My name is John Jacobs, and I represent Mr. Jeffrey Hayes in this case under the Federal Black Lung Act. In this case, it turns upon the interpretation of a single regulation. What is the meaning of a year? That regulation, 20 CFR 725.101A32, establishes a year of coal mine employment by proving, as the Director argues, that a 365-day employment relationship plus 125 working days is necessary to establish a year, or whether the regulation means what it actually says, that 125 working days. Let me ask you this. So the intervener has an argument that if we were to accept your interpretation of the regulation, it would suggest that the regulation is invalid. It doesn't seem to me procedurally, though, that the validity of the regulation is squarely for us, and that that might have to be, if there is an issue about it, that that might have to be sorted out if we were to vacate, if we were to grant the petition and remand. What do you say about that? I mean, I take the intervener's argument to really be an avoidance argument, that to the extent that there's ambiguity, we should choose the interpretation that favors the validity of the regulation, and that's consistent with a lot of avoidance doctrines. You know, the presumption of validity and textual interpretation. If you're right, it seems to me it's a plain meaning argument. That's correct, Your Honor. And there's no ambiguity. And if we were to send it back, then the issue about whether there's actually a problem with the regulation itself, and whether it complies with the Administrative Procedures Act, whether it's a valid regulation or not, that would have to be sorted out later. Am I right about that? I think that's fair, Your Honor. Yes, sir. Do you agree with what Judge Press said? He does. Do you agree? I think if that issue is to be raised, and it's raised at that point, I don't think it's been raised prior to this time. You don't think it's really before us now? No, Your Honor. Okay. That's helpful. But I don't think there's much ambiguity in the regulation either. I think the regulation says what it says. So I don't know that it's a very persuasive argument, frankly. I think the literal reading of the regulation is that— Yeah, I'm inclined to agree with you, that if you read that the ordinary meaning of the 125 days and your client has satisfied it, whether there's a problem with the regulation itself, to me, is maybe a question for another day. Yes, Your Honor. But the text of the subsection says that the minor worked 125 days during a calendar year, the minor has worked one year for all purposes under the Act. There is no additional requirement of a 365-day employment relationship. Reading 1N would nullify subsection 1 and 3, which expressly allows a minor to establish a year even where employment lasted less than a calendar year. The way the Director interprets the regulation seems to collapse these requirements down and basically do away with this 125-day working day requirement in all purposes. Sir, the Director, in their brief, relies on the context of cases where we're establishing operator liability, which is a different—in those cases, the minor has to work for that particular operator for one year for that operator to be held liable for the block payment of benefits. It's a different test than what is required here for the minor in working 125 days in a calendar year. But with that, I yield my time. Okay. Thank you, Mr. Jacobs. Ms. Smith, are you going to begin with for us, or what's the order here for the respondents? Ms. Smith? I was advised this morning that the government had to argue prior to my argument. That makes sense to me. Why don't we hear then from Ms. Torres? Ms. Torres? Good morning, and may it please the Court. My name is Amanda Torres. I represent the Director of the Office of Workers' Compensation Programs. The Director requests this Court deny claimant's petition for review. The regulatory definition of a year— It seems to me that the Director has not followed its own regulation. I have a question about how it would work if there were a question about the validity of the regulation, but I think the Sixth Circuit's right in terms of what the regulation means. So you need to persuade me about that. Well, then I'll go ahead and discuss why there are certain issues with the Shepard decision from the Sixth Circuit. At 401 to 402 of the Shepard decision, the Court first and foremost addresses the primary paragraph of the regulation and acknowledges that that first paragraph does establish a two-step inquiry. First, a calendar year, and then during that calendar year, 125 working days. Counsel, isn't this like a judge-made presumption, a judge-created presumption like in McDonnell-Douglas, for example? How I see this scheme so far is, according to the regulation, number one, in order to infer that working in the mine caused the disease, you have to work so much in the mine. That's the whole idea. If you work in the mine 125 days in all those years, it creates an inference, a permissible inference, that the disease is caused by working in the mine. Is that right? I mean, that's what—the presumption is based on facts, is it not? Well, there is an explicit presumption in Subsection 2. When the presumption—this presumption is created by the Secretary and not by a court. If it was a judicially created presumption, then the court would be operating on facts that would say there's enough here to make the other side go forward with some evidence. Do you agree with that? And I just need to clarify, Your Honor. Are you discussing the 15-year rebuttable presumption? What I have a hard time understanding is what difference does it make whether he worked a whole year or not? I don't see how that has any bearing whatsoever on the exposure in the mine and the potential that it caused the disease. I understand. So when this regulation was promulgated, it combined, for consistency under the Act, two predecessor regulations. At that time, there was a regulation defining a year for purposes of liability and then a separate one for purposes of entitlement. So to make sure that it was a consistent understanding that a year is a year for both purposes and the language of all purposes under the Act is within the regulation as well and in the preamble to the regulation. That's why there is now one understanding of one definition of a year. You mentioned a moment ago the opening paragraph. Yes. But here's what the opening paragraph says. The opening paragraph says that when determining whether a miner worked for a year, not was employed for a year, but worked for a year, any day for which the miner received pay or an approved absence may be counted as part of the calendar year. Now, you're suggesting that that opening paragraph suggests that you have to be employed for a year. But that's not what it says. It's talking about working. You agree with me, do you not, that if you're employed, no matter what the term of employment is, you're not going to work, actually work in the mine 365 days a year, right? I agree with you. No one's going to do that. That's the reason you have the 125-day rule, right? But that opening paragraph doesn't say you have to be employed for the year. It's just talking about working. And we both agree, you're not going to work every day of the year. But if we go back to the very first sentence of that paragraph, it says a period of one calendar year, and then you have a parenthetical that says 365 days or 366 if one of those days is February 29th. Yeah, but it's tied to working, not to employment. Your whole argument is what the petitioner has to satisfy are these two things, worked at least 125 days and was employed for a calendar year. That opening paragraph doesn't support that. And I would argue that it does support that, especially even the part that Your Honor is pointing out about the, for example, the leave counting towards the calendar year but not towards the working days, shows that those are two different considerations that the ALJ has to engage in. But I think how I interpret the Chief's question is how can that interpretation, given the language, be reasonable? And as a court, generally, we're not required, at least anymore, to abide by unreasonable decision-making. This court can look at both the plain language of the regulation, and there's additional parts within the subsections that support the primary paragraph's establishment of the two-step inquiry. But the court can also look at the regulatory history of the regulation. So as I mentioned, prior to the current regulation, there were two separate regulations that defined a year. When the director promulgated— I mean, I look at the plain meaning of little i, and it says, where the evidence establishes the miner worked in or around coal mines at least 125 working days during a calendar year or partial periods totaling a year, then the miner has worked one year in coal mine employment for all purposes under the Act. He satisfies that. No, Your Honor, because of the during a calendar year portion. No matter what, a day happens in a year. Yeah, but there's nothing about that during a calendar year that says he has to be employed the entire calendar year. It just says that the 125 days have to occur during a calendar year, and that happened. But 125 days always happens during a calendar year. That's the correct meaning. 125 days could be partially in one calendar year or partially in another. But the little i says that as well, that it can be within one or in both. I'm just reading your regulation. That's true. It does say that. Yes, it does say that, which supports that the calendar year is a necessary requirement. Yeah, but it doesn't—I mean, I'm just reading the reg. The reg doesn't say that, in addition, he has to be employed the entire calendar year. It just doesn't say that. And as I began to say earlier, if the court finds that the plain language is unclear in any way, it can also— I'm not seeing anything unclear. Even if this court doesn't think it's— What has being employed for the whole year, calendar year, got to do with the probability that working in the mine causes disease, the causation issue? Well, it goes back to the fact that this regulation— I mean, I'll put it this way. I think, as Judge Pryor has mentioned, if you're working in that mine for 125 days, it doesn't make a whit what else you're doing during that year. You've been exposed for 125 days. And why should it matter if you're working, doing something else for another employee or the same one for the rest of the year? It doesn't—to me, it doesn't raise any greater probability, I'll put it that way. It matters because this regulatory definition applies for both liability and entitlement purposes. So it— And see, that's where I'm not sure if that's correct. I mean, I understand the marrying in terms of the language, but the findings— or, yes, the findings from Congress, which some people debate, you know, the import of purpose. But it does seem that that provision related to survivors only requires the 125 days that we're talking about. Otherwise, the regulation or the language doesn't even advance Congress's intent. Well, if I can call the Court's attention back to the preamble, the Director considered that there were three circuits that had considered the prior regulation on liability and found the two-step inquiry and that there were two circuits who interpreted the language of the entitlement regulation and rejected the Seventh and Eighth Circuit's interpretation because it collapsed it down to 125 days and explicitly said at 65 Fed Reg 79-960, if I may complete my sentence, that those circuits got it wrong and that the correct way to determine a year was as a threshold matter to consider whether a calendar year was met. Here's the second problem with your argument, and I'll give you a little extra time to address it. It seems to me that little ii, the next subsection of the regulation, totally defeats your argument. Why? Because if the evidence establishes that the minor's employment lasted for a calendar year totally 365 days, it must be presumed then that you worked the 125 days, right? That does no work. That does no work if little ii requires you to prove both. If it requires you to prove both that you were employed for the whole year and that you worked 125 days. What's the point then of little ii? Little ii provides the minors with some ease, with a presumption that if they're able to prove a calendar year of employment, as long as there's not evidence to the contrary, they don't also have to prove the 125 working days. You don't need little ii. Just say you worked for a full calendar year. If there's evidence... All you needed was little ii, if that were true. I mean, they're both doing independent work. They both have to have meaning. One or the other can't be superfluous. What you're saying is then that, well, you already would have to prove with little ii that you're employed for a calendar year. If you prove with little ii, then there's the presumption that you've already worked 125 days. And my response, Your Honor, is that when you give full effect to every of the five paragraphs of this regulatory definition, that the best interpretation is that there is a requirement of a calendar year and 125 working days. Okay. Let's hear from Ms. Smith. Thank you, Your Honor. Yes, may it please the Court. I'm Mary Lou Smith here on behalf of Cowan & Company, Inc. Cowan & Company is an independent construction company headquartered in Birmingham, Alabama. Mr. Hayes was employed by Cowan for a long time in a supervisory position, generally as a superintendent, for many years. Well, Mr. Hayes was, right? It was Mr. Herman who was. Oh, well, his name is Hayes, too. Okay, got it. Sorry. Yes, he's the father of Jeffrey Hayes. Yeah, of our current claimant. Correct. He worked as a superintendent in both coal mine and non-coal mine construction settings. Right. And that differentiates him from what you're thinking of when you say coal miner. Congress specified in the Act that a miner includes construction workers only to the extent they are exposed to coal dust in the course of their employment. In other words, the fact that he was employed for a year or arguably 15 years doesn't mean that he was exposed for 15 years. Yeah, a lot depends on how much of the year he's actually working in coal mines. Let me ask you something, Ms. Smith. I looked over your brief again this morning, okay? And your brief has an argument at the end that says one of the reasons you cannot read the regulation in the way Mr. Hayes suggests is because it would create a problem with the Administrative Procedures Act, okay? That, to me, strikes me as an avoidance argument. That strikes me as an argument that if there's an ambiguity, you have to read it in favor of the director's interpretation. If I don't think this regulation is ambiguous and, in fact, think that it plainly supports Mr. Hayes' interpretation and we were to send it back to the director, it would still need to be a determination of whether Mr. Hayes is entitled to these benefits. Cowan & Company, if it wanted to challenge the regulation, would still be free to do so, would it not? I agree it would. I want to point out that Cowan, in fact, has challenged the validity of the regulation all along, including at the administrative law judge level. But it's not properly here now, right? Because you're defending the director's decision. Well, as I said, we brought up this issue below at every opportunity, but it was never addressed. Right, and your brief doesn't bring it up. Your brief says this is why the director's interpretation of the regulation is correct. If we reject that interpretation, though, and it were to go back to the director, this argument you earlier made would still be a live issue, right? I believe so, yes, Your Honor. Okay. I want to point out that when considering the regulation, it is important to consider what Congress did in the Act. Congress specified with respect to this 15-year presumption that is at issue in this case, that if a minor was employed for 15 years, earlier there was a discussion of the difference between being employed and working. And I want to point out that in the Act itself, Congress specified that it was the employment for 15 years that matters. And that turning it into a year into 125 days is not something that Congress ever heard about or indicated was how they wanted the Act to be interpreted. When you're considering the exposure... Yeah, but all we're having to decide at this stage is whether that's what the regulation says, right? I mean, I know you have an argument that you think the director's interpreted the regulation correctly. I'm not so sure about that. But whether it's inconsistent with what Congress provided is a different question, not before us. That was the entire point of how I started this with you. All right. Yes, Your Honor. Thank you. Well, could you respond to another question the Chief asked the government with respect to how do you reconcile the provisions? One section that speaks to 365 days and then another section that speaks to 125 days. But if you satisfy the 365 days, why would you need the provision related to 125? Rough summary of the question. What is your response to how you would reconcile that otherwise? My response is that that's not part of the case that we're considering, really. Well, it's how to read the text of this regulation. I mean, we've got to make sense of the regulation. And if the director's right, then these two provisions really just collapse into two. There's no point to having little i. Am I right? Well, the government has— I mean, if you have to approve 125 days plus employment for a full calendar year under little i, then you already can just prove one of the two with little ii. There's no point to having little i. I would have to defer to the government on that. The government has a comprehensive regulation. It's not just one provision. And they're the party who wrote the regulation and the party who's interpreting the regulation. Okay. And I believe my time is up. Okay. Thank you, Ms. Smith. I think we understand your argument. I think. Mr. Jacobs, do you have any—do you have some time for rebuttal? Thank you, Your Honor. Just to be briefly, I think what the regulation is attempting to do with the 365-day requirement there is, for a year, is to prevent a minor from counting two years of working 250 days in one calendar year. So I think that's why that exists. And we're not asking—obviously not asking the court to do that in this case, just to keep it where Mr. Hayes has worked 125 days in a calendar year as one year. But I think that would be a very plain sense reading of what the regulation intends, including that. But we ask that the court interpret it as is written and to remand it back for further instructions to calculate Mr. Hayes' years in coal mine employment. What we would do is, I mean, if we granted your petition, is we would remand it to the agency to conduct further proceedings consistent with our opinion. But, you know, there's a lot that could still happen here, right? Sure. Yes. Any other thing? That's it. No, no more. All right. Thank you. We're going to move on to our third case. All right. This is a crazy case. Yeah. Okay. All right.